# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DEDRICK PAGE, on behalf of himself and all those similarly situated, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | _____ |
| THE HERTZ CORPORATION and HERTZ LOCAL EDITION CORP., | ) ) ) | |
| Defendants. | ) ) | *Collective Action –* *29 U.S.C. § 216 (b)* |

## COMPLAINT

### *Nature of the Claim*

PLAINTIFF DEDRICK PAGE ("PLAINTIFF"), for himself and on behalf of others similarly situated who consent to representation, hereby asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, prejudgment and postjudgment interest, reasonable expenses of litigation and attorneys fees, based on the grounds set forth below.

### *Jurisdiction and Venue*

1. This Court has subject-matter jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, 28 U.S.C. § 1337 because this action arises under Acts

- 1 -

of Congress regulating commerce, and 29 U.S.C. § 216(b) because this action arises under the FLSA.

2. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

3. PLAINTIFF is a former employee of defendants THE HERTZ CORPORATION and HERTZ LOCAL EDITION CORP. (collectively "DEFENDANTS"), for whom he worked from on or about August 2008 to on or about March 2010.

4. At all relevant times PLAINTIFF was a resident of the state of Georgia.

5. At all relevant times, PLAINTIFF was employed at DEFENDANTS' branch and satellite locations in Chamblee, Georgia.

6. At all relevant times during PLAINTIFF'S employment with DEFENDANTS, he performed the job duties for positions that DEFENDANTS commonly referred to as manager trainee.

7. At various relevant times during DEFENDANTS' employment of PLAINTIFF, DEFENDANTS did not pay PLAINTIFF proper overtime compensation in violation of the FLSA.

8. At all relevant times, DEFENDANTS were corporations doing business within this judicial district and are subject to the jurisdiction of this Court.

### *The Class*

9. PLAINTIFF brings this case as a collective action pursuant to the collective-action provision of 29 U.S.C. § 216(b) for all Class Members within the Class described below in ¶ 10.

10. The Class whom PLAINTIFF represents is defined as:

> All employees of defendants THE HERTZ CORPORATION and/or HERTZ LOCAL EDITION who performed the duties of a manager trainee, or a manager associate, or an assistant branch manager at any location over which either Matt Earnest or April Matthews had responsibility as an area manager, during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, and which employees were not paid proper overtime compensation required by federal law.

11. PLAINTIFF consents to participate in this collective action. His consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c). The consents of other similarly situated individuals to participate in this lawsuit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

### *Grounds for this Action*

12. At all relevant times, DEFENDANTS have operated car-rental locations in Georgia, including locations in Alpharetta, Atlanta, Buford, Chamblee, Decatur, Duluth, Gainesville, Lawrenceville, Roswell, and Sandy Springs.

13. At all relevant times, PLAINTIFF and the Class Members were paid at an hourly rate, and were non-exempt for purposes of the FLSA.

14. At all relevant times, each of the DEFENDANTS was an "employer" within the meaning of 29 U.S.C. § 203(d).

15. At all relevant times, each of the DEFENDANTS was not exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201 *et seq*.

16. At all relevant times, PLAINTIFF and the Class Members were employed by each of the DEFENDANTS as employees, and therefore PLAINTIFF and the Class Members were employees within the meaning of 29 U.S.C. § 203(e)(1).

17. At all relevant times, each of the DEFENDANTS employed PLAINTIFF and the Class Members as employees and therefore each of the DEFENDANTS was an "employer" within the meaning of 29 U.S.C. § 203(d) and not exempt under the FLSA.

18. At all relevant times, each of the DEFENDANTS had an annual gross volume of sales made that was more than $500,000. At all relevant times, each of the DEFENDANTS had employees engaged in commerce. At all relevant times, because each of the DEFENDANTS had an annual gross volume of sales made that was more than $500,000 and had employees engaged in commerce, each of the DEFENDANTS was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

19. At all relevant times, PLAINTIFF and the Class Members were employees engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of 29 U.S.C. § 207(a).

20. At all relevant times, PLAINTIFF and the Class Members performed the job duties of manager trainee, manager associate, or assistant branch manager.

21. At all relevant times, the positions of manager trainee, manager associate, and assistant branch manager performed by PLAINTIFF and the Class Members were paid at an hourly rate, and were non-exempt for purposes of the FLSA.

22. At all relevant times, DEFENDANTS classified PLAINTIFF and the Class Members as non-exempt employees for purposes of the FLSA.

23. At all relevant times, the primary duties of PLAINTIFF and the Class Members as a manager trainee or manager associate included waiting on customers who asked about renting a car, processing the customers' requests, transporting cars, cleaning cars, preparing reports, maintaining cars, and tracking car inventory.

24. At all relevant times, the primary duties of the Class Members as an assistant branch manager included performing the duties of a manager associate, as well as scheduling staff, supervising staff, preparing additional reports, making bank deposits, and accounting for cash.

25. At all relevant times, PLAINTIFF and the Class Members worked at DEFENDANTS' branch and satellite locations over which area managers Matt Earnest and April Matthews had supervisory authority and responsibility.

26. At all relevant times, PLAINTIFF and the Class Members worked at DEFENDANTS' branch and satellite locations that were managed by branch managers who reported to, were supervised by, and took orders and directions from area managers Matt Earnest or April Matthews.  These branch managers include but are not limited to Jim Bateman, Karl Cooper, Tim Dunlap, Charlie Elder, Solomon Fisherbier, LaShanda Henderson, Laria Lindsey, Todd Starbuck, and Sandra Zachary.

27. At all relevant times, area managers Matt Earnest and April Matthews supervised branch managers, including but not limited to Jim Bateman, Karl Cooper, Tim Dunlap, Charlie Elder, Solomon Fisherbier, LaShanda Henderson, Laria Lindsey, Todd Starbuck, and Sandra Zachary.

28. At all relevant times, area managers Matt Earnest and April Matthews directed the branch managers whom they supervised to falsify the time records of hourly-paid employees over whom the branch managers had responsibility by manually falsely reducing such employees' time records by up to one hour on those days when the hourly-paid employee did not clock out for lunch—even though the employee took no lunch break and actually worked during the falsely deleted time period.

29. At all relevant times, the branch managers described above in ¶¶ 26-28 did as they were instructed by Earnest and Matthews, *i.e.*, falsified the time records of PLAINTIFF and Class Members.

30. At all relevant times, PLAINTIFF and Class Members complained to their branch managers about DEFENDANTS' policy, practice, plan and scheme of falsifying their time records, as described above in ¶¶ 28-29.

31. In response to their complaints, PLAINTIFF and Class Members were told by their branch managers that the branch managers were directed by area managers to manually falsely reduce the time records of hourly-paid

employees for up to one hour on those days when the hourly-paid employee did not clock out for lunch – even though the employee did not take a lunch break and actually worked through lunch during the falsely deleted time period.

32.   Despite the complaints of PLAINTIFF and Class Members to DEFENDANTS' managers about DEFENDANTS' policy, practice, plan, and scheme of falsely reducing the time records of hourly-paid employees for up to one hour on those days when the hourly-paid employee did not clock out for lunch because the employee did not take a lunch break and actually worked through lunch, DEFENDANTS' policy, practice, plan, and scheme continued.

33.   At all relevant times, PLAINTIFF and the Class Members who worked at branch and satellite locations managed by area managers Matt Earnest and April Matthews were paid an hourly wage, and were non-exempt for purposes of the FLSA.

34.   At all relevant times, PLAINTIFF and the Class Members who worked as manager trainees at branch and satellite locations managed by area managers Matt Earnest and April Matthews performed the same job duties.

35.   At all relevant times, the Class Members who worked as manager associates at branch and satellite locations managed by area managers Matt Earnest and April Matthews performed the same job duties.

36. At all relevant times, the Class Members who worked as assistant branch managers at branch and satellite locations managed by area managers Matt Earnest and April Matthews performed the same job duties.

37. At all relevant times, PLAINTIFF and the Class Members have been subject to same policies, procedures, practices, and guidelines of DEFENDANTS.

38. At all relevant times, PLAINTIFF and the Class Members who worked at branch and satellite locations managed by area managers Matt Earnest and April Matthews were subject to the same clock-in and clock-out procedures.  Such employees were required on a daily basis to clock-in at the beginning of their scheduled shift and clock-out when they finished working.  If such employees took a lunch break, they clocked-out when they started their break and clocked-in when they returned from their lunch break and started working again.  However, DEFENDANTS paid PLAINTIFF and the Class Members for less than the number of hours they actually worked each week based on when they clocked in and clocked out each day.

39. At all relevant times, DEFENDANTS maintained documents indicating those days and time of day when a manager manually made changes to the time records of PLAINTIFF and the Class Members.

40. At all relevant times, DEFENDANTS did not properly record all hours worked by PLAINTIFF and the Class Members.

41. At all various relevant times, PLAINTIFF and the Class Members worked over 40 hours per week.

42. At all various relevant times, DEFENDANTS did not pay PLAINTIFF and the Class Members proper overtime compensation for all hours worked in excess of 40 hours in a work week at the rate of one and one-half times their regular rate of pay.

43. At all various relevant times, when DEFENDANTS did not pay PLAINTIFF and the Class Members proper overtime compensation for all hours worked in excess of 40 hours in a work week, DEFENDANTS and DEFENDANTS' managers were aware of the extra hours PLAINTIFF and the Class Members worked each week in excess of 40 hours.

44. At all relevant times, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

45. At all relevant times, DEFENDANTS knowingly, intentionally, and willfully violated the FLSA by failing to pay PLAINTIFF and the Class Members the proper overtime compensation and other compensation to which they are entitled.

## *Collective-Action Allegations*
## *Pursuant to 29 U.S.C. § 216(b)*

46. PLAINTIFF seeks to bring all claims arising under the FLSA on behalf of himself individually and all other similarly situated employees of the DEFENDANTS who worked in any pay period falling within three chronological years immediately preceding the date on which this action was initially filed and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

47. PLAINTIFF and the Class Members seek unpaid overtime wages, liquidated damages, and prejudgment and postjudgment interest.

48. PLAINTIFF and the Class Members, as defined above in ¶ 10, are similarly situated.  PLAINTIFF and the Class Members worked for DEFENDANTS performing similar job duties at DEFENDANTS' locations, and were subject to similar job requirements, similar policies and procedures, and the same compensation plan.

49. DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that involved branch managers falsifying time records of hourly-paid employees for up to one hour on those days when the hourly-paid employee did not clock out for lunch—even though

such employee did not take a lunch break and actually worked through lunch—by manually reducing such employee's time.

50. DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that required or permitted them to perform uncompensated work for the benefit of DEFENDANTS in excess of 40 hours per workweek.

51. DEFENDANTS required PLAINTIFF and the Class Members to work more than 40 hours in a workweek without properly compensating these employees at one and a half times their regular rate of pay.

52. DEFENDANTS did not pay PLAINTIFF and the Class Members proper overtime compensation as required by 29 U.S.C. § 207.

## COUNT 1
### (Violation of 29 U.S.C. § 207 – Overtime Compensation Due Under the FLSA)

53. PLAINTIFF re-alleges paragraphs 1-52 above and incorporates them by reference as if fully set forth herein.

54. By engaging in the above-described conduct, DEFENDANTS violated the FLSA with respect to PLAINTIFF and the Class Members in failing to pay them wages at a rate of 1.5 times their regular rate, for hours worked in excess of forty hours per week, all in violation of 29 U.S.C. § 207.

55. By engaging in the above-described conduct, DEFENDANTS knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF and the Class Members, all in violation of 29 U.S.C. § 255.

56. Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANTS' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate 29 U.S.C. § 207.

57. As a direct and proximate result of DEFENDANTS' conduct alleged above in ¶¶ 12-45, and herein incorporated as if fully set forth, PLAINTIFF and the Class Members have suffered lost wages.

58. As a direct and proximate result of DEFENDANTS' FLSA violations alleged in this Count 1, PLAINTIFF and the Class Members are entitled to recover their unpaid overtime compensation and an equal amount in the form of liquidated damages, prejudgment and postjudgment interest, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial, from DEFENDANTS.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court:

1. Issue a declaratory judgment that DEFENDANTS have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and the Class Members, as authorized by 28 U.S.C. § 2201;

2. Require DEFENDANTS to pay PLAINTIFF and the Class Members all lost compensation due and owing, including all such overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF and the Class Members would have received but for DEFENDANTS' unlawful conduct;

3. Require DEFENDANTS to pay PLAINTIFF and the Class Members liquidated damages pursuant to the FLSA, plus prejudgment and postjudgment interest;

4. Award PLAINTIFF and the Class Members their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANTS' violations under the FLSA;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.**

- 15 -

Respectfully submitted,

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, Georgia 30068
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

*Counsel for the Plaintiff and Putative Class*