IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEDRICK PAGE, on behalf of
himself and all those similarly
situated,

Plaintiff,

v.                                          1:12-cv-1965-WSD

THE HERTZ CORPORATION and
HERTZ LOCAL EDITION CORP.,

Defendants.

## OPINION AND ORDER

This matter is before the Court on Dedrick Page's ("Plaintiff" or "Page")

Motion for Conditional Collective-Action Certification and Notice to the Class

[32].  The Hertz Corporation and Hertz Local Edition Corp. (together,

"Defendants" or "Hertz") do not oppose conditional certification.

## I.    BACKGROUND

This is a putative collective action brought by Page against her former

employer for failing to pay overtime compensation for hours worked in excess of

forty (40) hours per week, in violation of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 et seq.

Page was employed by Defendants at their Chamblee, Georgia, branch and satellite locations from August 2008 through March 2010. (Page Decl. [32.4] ¶ 4). Page worked as a manager trainee and was paid on an hourly basis. (Id. ¶ 5). He was supervised by a branch manager, who reported to Area Manager Matt Earnest. (Id. ¶ 8).

Page claims that Defendants had a practice of not paying Junior Managers for all the hours they worked in a week by falsely reducing their time and pay records for up to one hour on those days when they did not clock out for lunch, even through they actually worked through lunch on those occasions. (Id. ¶¶ 11, 12). Page states that he clocked-in at the beginning of his scheduled shift, that he clocked-out when he finished working, and that if he took a lunch break, he clocked out when he started his break and clocked in again when he started working again. (Id. ¶ 6). Page asserts his branch manager regularly reduced his time and pay records for up to one hour on days when he did not clock out for lunch, but instead actually worked through lunch. (Id. ¶ 9). When Page complained to his branch manager that he was not being paid for all the hours he worked in a week, she continued the practice of manually deducting time for lunch on days when Page worked through lunch. (Id. ¶ 11).

On June 6, 2012, Page filed this collective action.  The Complaint [1] asserts a single claim against Defendants for willful failure to pay overtime, in violation of Section 207 of the FLSA.  Plaintiff seeks to represent current and former manager trainees, manager associates, and assistant branch managers (collectively, "Junior Managers") who work or worked at a location supervised by Area Managers Matt Earnest ("Earnest") or April Matthews ("Matthews") at any time since June 2009, and who were not paid for the overtime work they performed.  (Compl. ¶ 10).

On June 10, 2012, Dominic Jackson and Angela Brown (together, "Opt-in Plaintiffs") opted into this action [3.1; 3.2].

On February 8, 2013, Page moved to conditionally certify the class and to require Defendants to produce the names and contact information of potential class members.  Defendants have represented to the Court that they do not oppose conditional certification.  (Defs' Resp. [34] at 1).  The parties agree that the class should consist of current and former non-exempt, hourly manager trainees, manager associates and assistant branch managers employed by Hertz in a branch supervised by Area Managers Earnest or Matthews from June 2009 through December 2011.  (Parties' Proposed Notice of Lawsuit [54.1]).

## II.    DISCUSSION

    A.    <u>Legal Standard to Conditionally Certify a Collective Action under the FLSA</u>

The FLSA requires covered employers to pay non-exempt employees who work more than forty hours in a week an overtime rate of one and one-half times the employee's regular pay rate for all hours worked that exceed forty.  28 U.S.C. § 207(a).  Section 216(b) imposes liability on employers for violations of Section 207 and authorizes employees to bring an action to recover overtime pay.  An employee may sue individually or bring a collective action on behalf of the employee and other "similarly situated" employees:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

<u>Id.</u> § 216(b).  A collective action under Section 216(b) requires potential plaintiffs to affirmatively opt into the lawsuit.  <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1216 (11th Cir. 2001).[1]  "The decision to create an opt-in class under

---

[1]    <u>Hipp</u> involved a collective action under the Age Discrimination and Employment Act of 1967, but that statute incorporates the FLSA's collective action provision, and <u>Hipp</u> therefore applies in both contexts.  <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1259 n.37 (11th Cir. 2008).

§ 216(b) . . . remains soundly within the discretion of the district court." Id. at 1219.

The Eleventh Circuit sets out a two-step process to certify a collective action under Section 216(b). Id. In the initial, so-called "notice stage," the question is whether notice of the action should be given to potential class members. Id. at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213 (5th Cir. 1995)). Relying on the pleadings and affidavits submitted by the parties, the court applies a "fairly lenient standard" that "typically results in 'conditional certification' of a representative class." Id. (quoting Mooney, 54 F.3d at 1213-14). At this stage, the court focuses on whether there are similarly situated employees who desire to opt in. If so, notice to similarly situated employees is given.[2]

The second stage is optional and usually occurs if the defendant moves for "decertification" after the completion of all or most discovery in the case. Id. (quoting Mooney, 54 F.3d at 1213-14). At this stage, the court determines whether claimants are in fact similarly situated. Id. (quoting Mooney, 54 F.3d at 1213-14). If they are, the collective action proceeds on the merits. If not, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original

---

[2]    After conditional certification, potential class members receive notice and an opportunity to opt into the class. Id. (quoting Mooney, 54 F.3d at 1213-14).

plaintiffs proceed on their individual claims.  Id. (quoting Mooney, 54 F.3d at 1213-14).

B.    Analysis

The Court here considers whether conditional certification is appropriate.  In doing so, the Court must determine if there are other employees who desire to opt-in, and who are "similarly situated" to the plaintiff.  See Dyback v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991).  Three individuals already have requested to opt-in, showing that former employees seek to be members of a collective action,[3] and the desire to opt-in criteria is met.

Plaintiff next bears the burden of demonstrating a reasonable basis to conclude that he is similarly situated to the members of the proposed collective action.  Cf. Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). Plaintiff "may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."  Id. Plaintiff is, at this stage, required only to show that he and the potential class-members are similarly, not identically, situated.  Id. at 1096.  He is not required to show they were subjected to a common or unified policy, plan or scheme, see id. at

---

[3]    After Plaintiff moved for conditional certification, a third claimant, Racquel Strachan, requested to opt-in [49.1].

1095, although this is a common and effective way to satisfy the "similarly situated" requirement.  Plaintiff "must [at least] make some rudimentary showing of commonality between the basis for [his] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." Scott v. Heartland Home Fin., Inc., No. 1:05-cv-2812-TWT, 2006 WL 1209813, at *6 (N.D. Ga. May 3, 2006) (quoting Marsh v. Butler Cnty. Sch. Sys., 242 F. Supp. 2d 1086, 1093 (M.D. Ala. 2003)); see also Barron v. Henry Cnty. Sch. Sys., 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003) ("[W]hile a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal similarly situated requirement, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency.").

Plaintiff seeks to represent current and former Junior Managers employed by Hertz at locations supervised by Earnest or Matthews from June 2009 through December 2011.  Plaintiff relies on his declaration and the declaration of two Opt-in Plaintiffs to support that Plaintiff is similarly situated to members of the proposed class.[4]  These Opt-in Plaintiffs worked for Hertz as hourly employees in

---

[4]      Plaintiff submits also the declaration of Marcellus Welch, who was employed as a manager trainee and assistant branch manager by Defendants from December 2004 to December 2007.  Welch states that his branch managers, which for a time included Earnest before Earnest was promoted to area manager, regularly reduced his time records for up to one hour for a lunch break, even

manager trainee, manager associate or assistant branch manager positions in

locations supervised by Earnest or Matthews at various times from June 2009

through December 2011.  (Page Decl. [32.4] ¶¶ 5, 8; Jackson Decl. [32.3] ¶¶ 5, 9;

Brown Decl. [32.2] ¶¶ 5, 7-8).  Their duties included customer service, processing

customer requests, preparing reports, tracking vehicle inventory, and transporting,

maintaining and cleaning vehicles.  (Page Decl. ¶ 5; Jackson Decl. ¶ 5; Brown

Decl. ¶ 19).

The Opt-in Plaintiffs claim that Earnest and Matthews directed their branch

managers to manually edit hourly employees' time records to reflect lunch breaks

of up to one hour per day, even though they worked through lunch on those

occasions and their managers knew they did so.  (Page Decl. ¶¶ 9-11; Jackson

Decl. ¶ 10-11; Brown Decl. ¶ 10, 12-13).  Their declarations support that Junior

---

though he worked through lunch on those occasions.  (Welch Decl. [32.5] ¶¶ 8-9).
Although his 2007 resignation precludes Welch's participation in this action,
Welch's declaration supports that Junior Managers were subject to a common
practice of not being paid for all hours worked in excess of forty hours per week
based on reductions in their time records for breaks they did not take.  See, e.g.,
Wood v. Kinetic Sys., Inc., No. 1:10-CV-001-CWD, 2011 WL 1484117, at *6
(D. Idaho Apr. 19, 2011) ("[E]vidence of [defendant's] conduct prior to the
statutory period may be relevant in establishing [defendant's] knowledge, intent,
and motives for its alleged failure to pay overtime compensation during the
statutory period for which [plaintiff] seeks damages"); cf. Alcantar v. Hobart
Service, No. ED CV 11-1600 PSG, 2013 WL 156530, at *3 (C.D. Cal. Jan. 15,
2013) (in overtime wages case under state law similar to FLSA, case, defendants'
conduct prior to the relevant time period "can shed light on [d]efendants' likely
behavior during the relevant time period").

Managers were subject to a common practice of not being paid for all hours worked in excess of forty hours per week based on reductions in their time records for breaks they did not take.  The evidence submitted at this stage supports that Page, the Opt-in Plaintiffs and other Junior Managers regularly worked in excess of forty hours per week, including through their lunch breaks, without overtime compensation and that their supervisors knew they did and falsified their time records at the direction of Earnest and Matthews.  Plaintiff has submitted evidence sufficient to show at the notice stage that Plaintiff is similarly situated to members of the proposed class.  The Court conditionally certifies the class of current and former non-exempt, hourly manager trainees, manager associates and assistant branch managers employed by Hertz in a branch supervised by Area Managers Earnest or Matthews from June 2009 through December 2011.

    C.    <u>Notice</u>

    The purpose of conditionally certifying an FLSA collective action is to facilitate notice to potential opt-in plaintiffs.  <u>See</u> <u>Hoffman-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 169-70 (1989).  District courts have discretion to authorize and oversee the notice process, including authorizing discovery about potential plaintiffs and monitoring the preparation and distribution of the notice to ensure

that it is timely, accurate, and informative.  See id. at 171-72; Maddow v. Proctor & Gamble Co., 107 F.3d 846, 854 (11th Cir. 1997).

Plaintiff moves to require Defendants to produce information about potential class members, including their full names and addresses.  This information is within Defendants' possession, its production to Plaintiff will facilitate issuance of the notice, and it is required to be produced by Defendants.[5]

The parties submitted jointly a proposed Notice.  Having carefully reviewed the parties' remaining disagreements regarding the Notice, the Court approves the Notice in the form attached as Exhibit A to this Order.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Collective-Action Certification and Notice to the Class [32] is **GRANTED IN PART**.  The Court conditionally certifies the class of current and former non-exempt, hourly manager trainees, manager associates and assistant branch managers employed by Hertz in a branch supervised by Area Managers Earnest or Matthews from June 2009 through December 2011.  Notice shall be given to potential class members in the form attached to this Order.

---

[5]     The production of the employees' social security numbers is not required at this time.

**IT IS FURTHER ORDERED** that Defendants shall, on or before June 14, 2013, provide to Plaintiff a list of potential class members, their full names and addresses.

**SO ORDERED** this 29th day of May, 2013.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE