# Exhibit 1
# (Settlement Agreement – Dedrick Page)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Dedrick Page ("Page" or "Plaintiff").

## Recitals

A.   Plaintiff's employment with Hertz ended on or about March 10, 2010.

B.   On or about June 6, 2012, Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").   The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.

C.   Hertz has denied and continues to deny liability to Page for the matters alleged or which could have been alleged in the Lawsuit.

D.   The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

**1.   Definitions.**   Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

**2.   Settlement Consideration.**

(a)   In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of Two Hundred Ninety Eight Dollars and 00/100 ($298.00).  This sum shall be paid in two checks: one in the gross amount of One Hundred Forty-Nine Dollars and Zero Cent ($149.00) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of One Hundred Forty-Nine Dollars and Zero Cent ($149.00) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment.  Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff.  To this extent, Plaintiff acknowledges and agrees that he will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above.  Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which he is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due him from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and he hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

3.     **Release and Waiver of FLSA Claims.**  Plaintiff (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

4.     **Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party.  Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

5.     **Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

6.     **Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

      **7.**    **Applicable Law.**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

      **8.**    **Nonwaiver.**  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

      **9.**    **Knowledge and Understanding.**  Plaintiff declares and agrees that he has been advised to consult with an attorney prior to executing this Agreement; he has availed himself of all opportunities he deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; he has signed this Agreement free of duress or coercion; and he is fully aware of his rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

      **10.**    **Complete Agreement.**  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: HE HAS READ IT; HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES TO ALL THE TERMS CONTAINED HEREIN; HE IS AWARE OF HIS RIGHT TO CONSULT WITH AN ATTORNEY; AND HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

DEDRICK PAGE                          HERTZ

_____     By: _____

     Its: _____

Dated: _____     Dated: _____

Plaintiff's initials: _____

# Exhibit 2
# (Settlement Agreement – Angela Brown)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Angela Brown ("Brown" or "Plaintiff").

## Recitals

A.      Plaintiff's employment with Hertz ended on or about August 19, 2010.

B.      On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit"). The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act. Brown filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.      Hertz has denied and continues to deny liability to Brown for the matters alleged or which could have been alleged in the Lawsuit.

D.      The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.      **Definitions.** Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following: (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.      **Settlement Consideration.**

(a)      In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of One Thousand Five Hundred Seventy-Seven Dollars and 00/100 ($1,577.00). This sum shall be paid in two checks: one in the gross amount of Seven Hundred Eighty-Eight Dollars and Fifty Cents ($788.50) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of Seven Hundred Eighty-Eight Dollars and Fifty Cents ($788.50) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment.  Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff.  To this extent, Plaintiff acknowledges and agrees that she will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above.  Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which she is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due her from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and she hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

3.     **Release and Waiver of FLSA Claims.**  Plaintiff (for herself, her agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

4.     **Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party.  Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

5.     **Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

6.     **Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

      **7.**     <u>**Applicable Law.**</u>  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

      **8.**     <u>**Nonwaiver.**</u>  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

      **9.**     <u>**Knowledge and Understanding**</u>.  Plaintiff declares and agrees that she has been advised to consult with an attorney prior to executing this Agreement; she has availed herself of all opportunities she deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; she has signed this Agreement free of duress or coercion; and she is fully aware of her rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

      **10.**     <u>**Complete Agreement.**</u>  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: SHE HAS READ IT; SHE UNDERSTANDS IT AND KNOWS THAT SHE IS GIVING UP IMPORTANT RIGHTS; SHE AGREES TO ALL THE TERMS CONTAINED HEREIN; SHE IS AWARE OF HER RIGHT TO CONSULT WITH AN ATTORNEY; AND SHE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

ANGELA BROWN                    HERTZ

_____    By: _____

    Its: _____

Dated: _____    Dated: _____

Plaintiff's initials: _____

# Exhibit 3
# (Settlement Agreement – Dominic Jackson)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Dominic Jackson ("Jackson" or "Plaintiff").

## Recitals

A.     Plaintiff's employment with Hertz ended on or about November 11, 2011.

B.     On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").  The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.  Jackson filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.     Hertz has denied and continues to deny liability to Jackson for the matters alleged or which could have been alleged in the Lawsuit.

D.     The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.     **Definitions.**  Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.     **Settlement Consideration.**

(a)     In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of Three Hundred Forty-Six Dollars and Zero Cents ($346.00). This sum shall be paid in two checks: one in the gross amount of One Hundred Seventy-Three Dollars and Zero Cents ($173.00) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of One Hundred Seventy-Three Dollars and Zero Cents ($173.00) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment. Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees that he will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above. Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which he is already entitled. Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due him from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and he hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

**3.     Release and Waiver of FLSA Claims.**  Plaintiff (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

**4.     Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party. Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

**5.     Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

**6.     Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

**7.      Applicable Law.**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

**8.      Nonwaiver.**  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

**9.      Knowledge and Understanding.**  Plaintiff declares and agrees that he has been advised to consult with an attorney prior to executing this Agreement; he has availed himself of all opportunities he deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; he has signed this Agreement free of duress or coercion; and he is fully aware of his rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

**10.      Complete Agreement.**  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: HE HAS READ IT; HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES TO ALL THE TERMS CONTAINED HEREIN; HE IS AWARE OF HIS RIGHT TO CONSULT WITH AN ATTORNEY; AND HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

DOMINIC JACKSON                              HERTZ


_____          By: _____

                                             Its: _____


Dated: _____          Dated: _____

Plaintiff's initials: _____

# Exhibit 4
# (Settlement Agreement – Racquel Strachan)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Racquel Strachan ("Strachan" or "Plaintiff").

## Recitals

A.      Plaintiff's employment with Hertz ended on or about July 12, 2010.

B.      On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").  The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.  Strachan filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.      Hertz has denied and continues to deny liability to Strachan for the matters alleged or which could have been alleged in the Lawsuit.

D.      The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.      **Definitions.**  Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.      **Settlement Consideration.**

(a)      In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of One Hundred Sixty Dollars and 00/100 ($160.00).  This sum shall be paid in two checks: one in the gross amount of Eighty Dollars and Zero Cents ($80.00) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of Eighty Dollars and Zero Cents ($80.00) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment.  Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff.  To this extent, Plaintiff acknowledges and agrees that she will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above.  Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which she is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due her from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and she hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

3.     **Release and Waiver of FLSA Claims.**  Plaintiff (for herself, her agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

4.     **Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party.  Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

5.     **Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

6.     **Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

       **7.**    <u>**Applicable Law.**</u>  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

       **8.**    <u>**Nonwaiver.**</u>  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

       **9.**    <u>**Knowledge and Understanding**</u>.  Plaintiff declares and agrees that she has been advised to consult with an attorney prior to executing this Agreement; she has availed herself of all opportunities she deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; she has signed this Agreement free of duress or coercion; and she is fully aware of her rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

       **10.**    <u>**Complete Agreement.**</u>  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: SHE HAS READ IT; SHE UNDERSTANDS IT AND KNOWS THAT SHE IS GIVING UP IMPORTANT RIGHTS; SHE AGREES TO ALL THE TERMS CONTAINED HEREIN; SHE IS AWARE OF HER RIGHT TO CONSULT WITH AN ATTORNEY; AND SHE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

RACQUEL STRACHAN                  HERTZ

_____     By: _____

                                     Its: _____

Dated: _____     Dated: _____

Plaintiff's initials: _____

# Exhibit 5
# (Settlement Agreement – Glen Alexander)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Glen Alexander ("Alexander" or "Plaintiff").

## Recitals

A.  Plaintiff's employment with Hertz ended on or about November 11, 2011.

B.  On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").  The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.  Alexander filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.  Hertz has denied and continues to deny liability to Alexander for the matters alleged or which could have been alleged in the Lawsuit.

D.  The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.  **Definitions.**  Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.  **Settlement Consideration.**

(a)  In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of One Hundred Ten Dollars and Zero Cents ($110.00).  This sum shall be paid in two checks: one in the gross amount of Fifty-Five Dollars and Zero Cents ($55.00) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of Fifty-Five Dollars and Zero Cents ($55.00) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)      Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)      In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment.  Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff.  To this extent, Plaintiff acknowledges and agrees that he will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above.  Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in this Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)      All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which he is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due him from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and he hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

**3.      Release and Waiver of FLSA Claims.**  Plaintiff (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

**4.      Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party.  Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

**5.      Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

**6.      Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

7.     **Applicable Law.**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

8.     **Nonwaiver.**  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

9.     **Knowledge and Understanding**.  Plaintiff declares and agrees that he has been advised to consult with an attorney prior to executing this Agreement; he has availed himself of all opportunities he deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; he has signed this Agreement free of duress or coercion; and he is fully aware of his rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

10.     **Complete Agreement.**  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: HE HAS READ IT; HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES TO ALL THE TERMS CONTAINED HEREIN; HE IS AWARE OF HIS RIGHT TO CONSULT WITH AN ATTORNEY; AND HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

GLEN ALEXANDER                                    HERTZ


_____          By: _____

                                                               Its: _____


Dated: _____          Dated: _____

Plaintiff's initials: _____

# Exhibit 6
# (Settlement Agreement – Freeman Coleman)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Freeman Coleman ("Coleman" or "Plaintiff").

## Recitals

A.      Plaintiff's employment with Hertz ended on or about January 5, 2012.

B.      On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").  The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.  Coleman filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.      Hertz has denied and continues to deny liability to Coleman for the matters alleged or which could have been alleged in the Lawsuit.

D.      The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.      **Definitions.**  Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.      **Settlement Consideration.**

(a)      In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of Nine Hundred Dollars and Zero Cents ($900.00).  This sum shall be paid in two checks: one in the gross amount of Four Hundred Fifty Dollars and Zero Cents ($450.00) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of Four Hundred Fifty Dollars and Zero Cents ($450.00) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment.  Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff.  To this extent, Plaintiff acknowledges and agrees that he will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above.  Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which he is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due him from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and he hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

**3.     Release and Waiver of FLSA Claims.**  Plaintiff (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

**4.     Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party.  Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

**5.     Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

**6.     Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

     **7.**    **Applicable Law.**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

     **8.**    **Nonwaiver.**  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

     **9.**    **Knowledge and Understanding.**  Plaintiff declares and agrees that he has been advised to consult with an attorney prior to executing this Agreement; he has availed himself of all opportunities he deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; he has signed this Agreement free of duress or coercion; and he is fully aware of his rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

     **10.**    **Complete Agreement.**  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: HE HAS READ IT; HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES TO ALL THE TERMS CONTAINED HEREIN; HE IS AWARE OF HIS RIGHT TO CONSULT WITH AN ATTORNEY; AND HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

FREEMAN COLEMAN               HERTZ

_____     By: _____

     Its: _____

Dated: _____     Dated: _____

Plaintiff's initials: _____

# Exhibit 7
# (Settlement Agreement – Jared Taylor)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Jared Taylor ("Taylor" or "Plaintiff").

## Recitals

A.      Plaintiff's employment with Hertz ended on or about June 16, 2011.

B.      On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").  The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.  Taylor filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.      Hertz has denied and continues to deny liability to Taylor for the matters alleged or which could have been alleged in the Lawsuit.

D.      The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.      **Definitions.**  Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.      **Settlement Consideration.**

(a)      In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of Two Hundred Fifty Dollars and Zero Cents ($250.00).  This sum shall be paid in two checks: one in the gross amount of One Hundred Twenty-Five Dollars and Zero Cents ($125.00) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of One Hundred Twenty-Five Dollars and Zero Cents ($125.00) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment.  Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff.  To this extent, Plaintiff acknowledges and agrees that he will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above.  Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which he is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due him from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and he hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

**3.     Release and Waiver of FLSA Claims.**  Plaintiff (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

**4.     Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party.  Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

**5.     Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

**6.     Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

**7.**     **Applicable Law.**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

**8.**     **Nonwaiver.**  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

**9.**     **Knowledge and Understanding**.  Plaintiff declares and agrees that he has been advised to consult with an attorney prior to executing this Agreement; he has availed himself of all opportunities he deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; he has signed this Agreement free of duress or coercion; and he is fully aware of his rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

**10.**     **Complete Agreement.**  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: HE HAS READ IT; HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES TO ALL THE TERMS CONTAINED HEREIN; HE IS AWARE OF HIS RIGHT TO CONSULT WITH AN ATTORNEY; AND HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

JARED TAYLOR                                        HERTZ

_____          By: _____

                                                            Its: _____

Dated: _____          Dated: _____

Plaintiff's initials: _____

# Exhibit 8
# (Settlement Agreement – Roger Williams)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Roger Williams ("Williams" or "Plaintiff").

## Recitals

A.      Plaintiff's employment with Hertz ended on or about January 5, 2012.

B.      On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").  The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.  Williams filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.      Hertz has denied and continues to deny liability to Williams for the matters alleged or which could have been alleged in the Lawsuit.

D.      The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.      **Definitions.**  Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.      **Settlement Consideration.**

(a)      In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of Two Hundred Forty-Two Dollars and Zero Cents ($242.00). This sum shall be paid in two checks: one in the gross amount of One Hundred Twenty-One Dollars and Zero Cents ($121.00) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of One Hundred Twenty-One Dollars and Zero Cents ($121.00) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment.  Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff.  To this extent, Plaintiff acknowledges and agrees that he will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above.  Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which he is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due him from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and he hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

**3.     Release and Waiver of FLSA Claims.**  Plaintiff (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

**4.     Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party.  Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

**5.     Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

**6.     Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable.  However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.  In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

       7.    **Applicable Law.**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

       8.    **Nonwaiver.**  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

       9.    **Knowledge and Understanding**.  Plaintiff declares and agrees that he has been advised to consult with an attorney prior to executing this Agreement; he has availed himself of all opportunities he deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; he has signed this Agreement free of duress or coercion; and he is fully aware of his rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

       10.    **Complete Agreement.**  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: HE HAS READ IT; HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES TO ALL THE TERMS CONTAINED HEREIN; HE IS AWARE OF HIS RIGHT TO CONSULT WITH AN ATTORNEY; AND HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

ROGER WILLIAMS                    HERTZ

_____    By: _____

                                      Its: _____

Dated: _____     Dated: _____

Plaintiff's initials: _____

# Exhibit 9
# (Settlement Agreement – Lauren Hill)

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is entered into between Defendants Hertz Corporation and Hertz Local Edition (collectively "Hertz" or "Company"), and Plaintiff Lauren Hill ("Hill" or "Plaintiff").

## Recitals

A.      Plaintiff was employed with Hertz.

B.      On or about June 6, 2012, named plaintiff Dedrick Page filed a lawsuit against Hertz in the United States District Court for the Northern District of Georgia, Atlanta Division, identified as case number 1:12-CV-01965-WSD (the "Lawsuit").  The Lawsuit alleges Hertz failed to pay Page, and similarly situated individuals, overtime compensation in violation of the Fair Labor Standards Act.  Hill filed a Consent to Join Lawsuit, and is a member of the conditionally certified plaintiff class.

C.      Hertz has denied and continues to deny liability to Hill for the matters alleged or which could have been alleged in the Lawsuit.

D.      The parties desire to settle this lawsuit upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

## Agreement

1.      **Definitions.**  Throughout this Agreement, the term "Hertz" or "Company" when used alone, shall encompass the following:  (a) The Hertz Corporation; (b) Hertz Local Edition; (c) any subsidiary, parent company, predecessor, affiliated entity, related entity, or division thereof; and (d) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection 1(a), (b) or (c).

2.      **Settlement Consideration.**

(a)      In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Hertz shall pay Plaintiff the total amount of One Hundred Seventeen Dollars and Zero Cents ($117.00). This sum shall be paid in two checks: one in the gross amount of Fifty-Eight Dollars and Fifty Cents ($58.50) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the gross amount of Fifty-Eight Dollars and Fifty Cents ($58.50) with no taxes withheld, which shall be reported on a Form 1099.

Plaintiff's initials: _____

(b)     Hertz also agrees to pay The Garber Law Firm, P.C. as attorneys' fees and costs the amount identified in the parties' Joint Motion For Settlement Approval and Dismissal With Prejudice.

(c)     In paying the amount specified in Section 2(a) above, Hertz makes no representation as to the tax consequences or liability arising from said payment. Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees that she will pay any and all taxes which may be determined to be due in connection with the payment described in Section 2(a) above. Plaintiff also agrees to indemnify the Company for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in Section 2(a) and/or imposed by the Internal Revenue Service, the State of Georgia, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payment or any portion thereof.

(d)     All payments described in this Section 2 reflect consideration provided to Plaintiff over and above anything of value to which she is already entitled. Plaintiff further acknowledges and agrees that the consideration included in this Section 2 is the maximum sum ever to be due her from the Company for events or omissions which occurred prior to and through the date Plaintiff executes this Agreement, and she hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to such date under any Company policy or agreement, whether written, oral, express or implied.

**3.      Release and Waiver of FLSA Claims.**  Plaintiff (for herself, her agents, assigns, heirs, executors, and administrators) releases and discharges the Company from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which were or which could have been asserted in the Lawsuit, including claims for unpaid wages, overtime wages, damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

**4.      Disclaimer of Liability.**  This Agreement is not to be construed as an admission of liability or wrongdoing by either party. Both parties also agree that this Agreement does not render either party a prevailing party in the Lawsuit or any other legal action.

**5.      Successors.**  This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Hertz and each past, present, or future employee, agent, representative, officer, or director of Hertz and any division, subsidiary, parent, or affiliated entity.

**6.      Severability.**  The parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or

Plaintiff's initials: _____

covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

       **7.**    **Applicable Law.**  This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

       **8.**    **Nonwaiver.**  The waiver by Hertz of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver by Hertz of any subsequent breach by Plaintiff.

       **9.**    **Knowledge and Understanding**.  Plaintiff declares and agrees that she has been advised to consult with an attorney prior to executing this Agreement; she has availed herself of all opportunities she deems necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement; she has signed this Agreement free of duress or coercion; and she is fully aware of her rights and has carefully read and fully understands all provisions of this Agreement before voluntarily signing.

       **10.**    **Complete Agreement.**  This Agreement sets forth the complete agreement between the parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to Company by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representations or statements not set forth herein made by Company with regard to the subject matter, basis, or effect of this Agreement or otherwise.

**BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT: SHE HAS READ IT; SHE UNDERSTANDS IT AND KNOWS THAT SHE IS GIVING UP IMPORTANT RIGHTS; SHE AGREES TO ALL THE TERMS CONTAINED HEREIN; SHE IS AWARE OF HER RIGHT TO CONSULT WITH AN ATTORNEY; AND SHE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

LAUREN HILL                     HERTZ

_____     By: _____

                                 Its: _____

Dated: _____     Dated: _____

Plaintiff's initials: _____